# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ALABAMA

# SOUTHERN DIVISION

SHELIA ANN WHITE
NURSETEL
NURSETEL EMPLOYEES
Plaintiffs,

v.

Skye McDougall
Karri lynne Hoerner
Kathleen Williams
Linda Woods
Renee King
Amy M. Gibson
Tymeicka Martin
Bryan C Matthews
Jennifer H. Roehr
Tammy Blackmore
Shelia P.Massey
Tamatha L. Wright
Sara J. Caraway
Betzimarie Solla
Stephen Riggs
Biloxi VA Management a/k/a
Defendants

Case No. 22-CV-93-JB-B

Hon.

DEMAND FOR JURY TRIAL

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Shelia Ann White ("Plaintiff") nursetel ("Plaintiff") nursetel employees ("Plaintiff") (collectively, "Plaintiff") for their complaint against Defendants: Skye McDougall,  Bryan C Mathews, Tymeicka Martin, Kathleen Williams, Renee King, Linda Woods, Tamatha L. Wright, Jennifer Roehr,  Karri lynne Hoerner, Amy M. Gibson, Angela Goolsby,  Jennifer H. Roehr, Tammy Blackmore, Shelia P.Massey, Betzimarie Solla, Stephen Riggs and  Defendant Biloxi VA Management  LLC ("Biloxi VA Management ") (collectively, "Defendants") alleges as follows:

## NATURE OF THE CASE

1.  This is a diversity action asserting Alabama state law claims for slander per se, slander, libel per se, defamation, and invasion of privacy – false light, as a result of Defendants' publication of slanderous and defamatory statements regarding Plaintiff that are false, harmful, and offensive to Plaintiff.

## PARTIES

2.  Plaintiff currently is a citizen and resident of the State of Alabama Upon information and belief, Biloxi VA Management is and at all times during the  pendency of this action has been a citizen and resident of the State of Mississippi.  Upon information and belief, Biloxi VA Management  is a government entity operating in Mississippi

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000)

4.  Upon information and belief, Biloxi VA Management is subject to personal jurisdiction  in the State of Alabama as Biloxi VA Management owns, uses, or possesses real property within  the State of Alabama, regularly transacts business as described below within the State of Alabama, and committed a tortious act within the State of Alabama, including the torts of invasion of privacy – false light against an Alabama resident and tortious interference of contract

5.  Venue is proper in this District pursuant to  28 U.S.C. § 1391  because, upon information and belief, the conduct complained of occurred in this District against the Plaintiff who operates in Alabama

## FACTUAL BACKGROUND

6.  Plaintiff is a college educated female business owner.

7.  Plaintiff is African American

8.  Plaintiff graduated from the University of Alabama Birmingham and attended the UAB School of Public Health

9.  Plaintiff is also a business owner since age 14 with her mom

10.  Plaintiff is a radio host on a local radio station

11.  Plaintiff is legally blind

12.   Plaintiff is a minority business owner

13.   Plaintiff is a female business owner

14.   Plaintiff is not a felon

15.   Plaintiff has never been convicted of a felony

16.   Plaintiff has never been convicted of committing fraud

17.   Plaintiff owns and operates a Home care agency which employs over 30 Gulf Coast Citizens

18.   Upon information and belief, the Biloxi VA Management team headed by Skye McDougall, Bryan Mathews, Tymeicka Martin and Kathleen Williams contracts within the community with companies such as nursetel to render in-home health care to veterans in need.

19.   Upon information and belief, in 2020, Biloxi VA Management targeted Plaintiff and began making false, degrading and harassing statements regarding Plaintiff

20.   Upon information and belief, in 2020, Biloxi VA Management targeted Plaintiff as a felon and played into stereotypes of her as a black female

21.   Upon information and belief, in 2020, Biloxi VA Management had not called non minority business owners to ask if they were a felon.

22.   Upon information and belief, in 2020, Biloxi VA Management used their own false allegations to target Plaintiff and began removing her assigned contracts.

23.   Upon information and belief, while Plaintiff was serving Biloxi VA Veterans, Lynne Hoener made a telephone call to Plaintiff and stated directly to the Plaintiff that she knew that the Plaintiff had been convicted of committing a felony

24.   Plaintiff stated she had not been convicted of committing a felony nor any crime Lynne Hoener then asked Plaintiff the question "are you sure"

25.   Lynne informed the Plaintiff that as a result of the Plaintiff's felony conviction, clients assigned to nursetel would be removed and no longer assigned contracts of nursetel

26.   Lynne further demanded the Plaintiff provide a list of all Biloxi VA assigned clients

27.   Upon information and belief, in 2020, Biloxi VA Management began violating federal anti-discrimination laws and as of today, have refused to stop discriminating against the Plantiff even after being given repeated chances to do so.

28.   Upon information and belief, in 2020, the Plaintiff filed a civil lawsuit against the Biloxi VA Management to prevent the Biloxi VA Management from removing assigned contracts.

29. Upon information and belief, in 2020, the Plaintiff asked the federal court to dismiss the case based on the promise that the Biloxi VA would stop the bad acts and unethical behavior against the Plaintiff by the Biloxi VA General counsel

30. The clients assigned to nursetel by the Biloxi VA management team, were informed that Shelia Ann White was a convicted felon and they would be assigned to another agency not owned by Shelia White.

31. The Biloxi VA was provided a copy of a background check on Shelia Ann White and continued their false accusations, harassment and defamatory statements.

32. Upon information and belief, the Biloxi VA has been on a campaign to cancel the Plaintiff's contract with the Biloxi VA since 2020

33. Upon information and belief, in the years preceding the filing of this lawsuit, Biloxi VA Management took their vitriol one step further by making blatantly defamatory statements regarding Plaintiff to United Healthcare and to Optum Healthcare

34. Upon information and belief, Biloxi VA Management became obsessed with slandering and harassing Plaintiff In the sixteen months preceding the filing of this lawsuit, Biloxi VA Management put out multiple claims against Plaintiff, nursetel and employees

35. Upon information and belief, as set forth below, Biloxi VA Management's communications about Plaintiff has prevented nursetel from working with other Veteran Administrations

36. In 2021, United Healthcare called the Plaintiff and asked her if she had committed a felony stating the information was provided by the Biloxi VA

37. United Healthcare knew Shelia White had no felony conviction prior to making this harassment call because UnitedHealthcare will not credential a business owner with a felony conviction

38. United Healthcare worked in concert with the Biloxi Veterans Administration to cancel Shelia White's contract without cause.

39. Optum Healthcare called the Plaintiff and asked her if she had committed a felony stating on the recorded call that the information was directly provided by the Biloxi Veterans Administration

40. In 2021 A Veteran patient called the Plaintiff and informed her that special agents had questioned him about fraud accusations made by the Biloxi VA against Plaintiff.

41. Upon information and belief, the Plaintiff believes the Biloxi VA Management's went so far as to attempt to have the Plaintiff arrested on false allegations

42. Upon information and belief, to this end, Biloxi VA Management has published in the past few months several accusations with more false and defamatory statements about the Plaintiff.

43. Plaintiff has become the target of Biloxi VA Management's malicious campaign to damage and destroy Plaintiff's reputation among her clients, other Veteran Administration Regions, United Healthcare, Optum and the employees of the Biloxi VA.

44. Upon information and belief, on or around September, Biloxi VA Management published a letter stating they were going to report false & defamatory statements about nursetel and Shelia White to Optum

45. The information reported to United Healthcare by the defendants contains false and defamatory statements about Plaintiff

46. Defendants made the false, malicious, and defamatory statement that Plaintiff was going to Veterans homes to threaten them.

47. Defendants made the false, malicious, and defamatory statement that Plaintiff filed false claims on a dead patient.

48. Defendants falsely stated that Plaintiff was sued by a veteran.

49. Defendants falsely stated that Plaintiff was harassing veterans.

50. Defendants falsely claimed that Plaintiff was preventing a competing agency from serving a veteran.

51. Defendants falsely stated that Plaintiff was going to see a veteran without an authorization and that the defendant would be arrested if her staff showed up to provide medical care to the veteran

52. Defendants falsely stated that Plaintiff had filed claims on a veteran while the veteran was on vacation and even after the veteran informed the defendants that the accusation was not true

53. Defendants falsely stated that Plaintiff was collecting client credit cards

54. Biloxi VA Management knew that publishing these comments regarding Plaintiff would support UnitedHealthcare and Optum in canceling Shelia White's contract within the purview of the Veterans Administration

55. Biloxi VA deprived Plaintiff of her rights and privilege to engage in federal contracting by falsely stating that they were unable to send contracts because Optum canceled the plaintiff's contract when Optum informed the plaintiff that the veteran's administration determines who they send referrals to.

56. The Defendants worked in concert to get the plaintiff canceled from the federal veterans contracting system.

57. The Biloxi Veterans Administration engaged in discrimintation by canceling the contract of Shelia White with the Veterans Administration for no reason and not canceling the other non minority business owners for no reason

58. The Biloxi Veterans Administration engaged in discrimintation by continuing to label a successful minority business owner as a felon

59. The Biloxi Veterans Administration engaged in tortious interference of contract by having Diane Gibbs cancel nursetel"s contract in all regions where Optum manages the credentialing

60. The Biloxi Veterans Administration engaged in tortious interference of contract in Connecticut against Plaintiffs

61. The Biloxi Veterans Administration engaged in tortious interference of contract in Delaware against Plaintiffs

62. The Biloxi Veterans Administration engaged in tortious interference of contract in District of Columbia against Plaintiffs

63. The Biloxi Veterans Administration engaged in tortious interference of contract in Maine against Plaintiffs

64. The Biloxi Veterans Administration engaged in tortious interference of contract in Maryland against Plaintiffs

65. The Biloxi Veterans Administration engaged in tortious interference of contract in Massachusetts against Plaintiff.

66. The Biloxi Veterans Administration engaged in tortious interference of contract in New Hampshire against Plaintiffs

67. The Biloxi Veterans Administration engaged in tortious interference of contract in New Jersey against Plaintiffs

68. The Biloxi Veterans Administration engaged in tortious interference of contract in New York against Plaintiffs

69. The Biloxi Veterans Administration engaged in tortious interference of contract in North Carolina against Plaintiffs

70. The Biloxi Veterans Administration engaged in tortious interference of contract in Pennsylvania against Plaintiffs

71. The Biloxi Veterans Administration engaged in tortious interference of contract in Rhode Island against Plaintiffs

72. The Biloxi Veterans Administration engaged in tortious interference of contract in Vermont against Plaintiffs

73. The Biloxi Veterans Administration engaged in tortious interference of contract in Virginia against Plaintiffs

74. The Biloxi Veterans Administration engaged in tortious interference of contract in West Virginia against Plaintiffs

75. The Biloxi Veterans Administration engaged in tortious interference of contract in Illinois against Plaintiffs

76. The Biloxi Veterans Administration engaged in tortious interference of contract in Indiana against Plaintiffs

77. The Biloxi Veterans Administration engaged in tortious interference of contract in Iowa against Plaintiffs

78. The Biloxi Veterans Administration engaged in tortious interference of contract in Kansas against Plaintiffs

79. The Biloxi Veterans Administration engaged in tortious interference of contract in Kentucky against Plaintiffs

80. The Biloxi Veterans Administration engaged in tortious interference of contract in Michigan against Plaintiffs

81. The Biloxi Veterans Administration engaged in tortious interference of contract in Minnesota against Plaintiffs

82. The Biloxi Veterans Administration engaged in tortious interference of contract in Missouri against Plaintiffs

83. The Biloxi Veterans Administration engaged in tortious interference of contract in Nebraska against Plaintiffs

84. The Biloxi Veterans Administration engaged in tortious interference of contract in North Dakota against Plaintiffs

85. The Biloxi Veterans Administration engaged in tortious interference of contract in Ohio against Plaintiffs

86. The Biloxi Veterans Administration engaged in tortious interference of contract in South Dakota against Plaintiffs

87. The Biloxi Veterans Administration engaged in tortious interference of contract in Wisconsin against Plaintiffs

88. The Biloxi Veterans Administration engaged in tortious interference of contract in Alabama against Plaintiffs

89. The Biloxi Veterans Administration engaged in tortious interference of contract in Arkansas against Plaintiffs

90. The Biloxi Veterans Administration engaged in tortious interference of contract in Florida against Plaintiffs

91. The Biloxi Veterans Administration engaged in tortious interference of contract in Georgia against Plaintiffs

92. The Biloxi Veterans Administration engaged in tortious interference of contract in Louisiana against Plaintiffs

93. The Biloxi Veterans Administration engaged in tortious interference of contract in Mississippi against Plaintiffs

94. The Biloxi Veterans Administration engaged in tortious interference of contract in Oklahoma against Plaintiffs

95. The Biloxi Veterans Administration engaged in tortious interference of contract in Puerto Rico against Plaintiffs

96. The Biloxi Veterans Administration engaged in tortious interference of contract in South Carolina against Plaintiffs

97. The Biloxi Veterans Administration engaged in tortious interference of contract in Tennessee against Plaintiffs

98. The Biloxi Veterans Administration engaged in tortious interference of contract in Virgin Islands (U.S.) against Plaintiffs

99. The Biloxi Veterans Administration engaged in tortious interference of contract in Mississippi against Plaintiffs

100. The Biloxi Veterans Administration engaged in tortious interference of contract in Georgia against Plaintiffs

101. The Biloxi Veterans Administration engaged in tortious interference of contract in Louisiana against Plaintiffs

102. The Biloxi Veterans Administration engaged in unfair business practices by canceling the contract of Shelia White with the Veterans Administration

103. The Biloxi Veterans Administration engaged in unfair business practices by informing Optum that Shelia Wite is a felon in 2021.  A statement they knew was not true prior to publishing the statement and as a result, UHC Optum canceled Shelia White from regions 1,2,3 as illustrated on the map.



104.

105. The Biloxi Veterans Administration worked in concert with United Healthcare-Optum to violate the Civil Rights of Shelia White by making false statements while working as government officials which led to deprivation under color of law and deprived Shelia White of a right and privilege to engage in federal contracting with the Veterans Administration in the states managed by United Healthcare-Optum.

106. Upon information and belief, UnitedHealthcare and Optum while managing federal contracts act as government officials and have engaged in violation of 18 U.S.Code  §242 - Deprivation  of rights under color of law by colluding with the Veterans Administration to deprive Plaintiff of civil rights and privileges provided to American Citizens and business owners

107. Upon information and belief, Biloxi VA Management are employees of the federal government and engaged in violation of 18 U.S.Code  §242- Deprivation of rights under color of law by colluding with UnitedHealthcare and Optum

108. Upon information and belief, Biloxi VA Management knew the statements made in the Defamatory claims were false or Biloxi VA Management acted with reckless disregard of whether they were true or not

109. Indeed, the Biloxi VA management acknowledged on multiple occasions that they knew the claims about Plaintiff were false and communicated them anyway.

110. Upon information and belief, Biloxi VA Management's false communications were generated and communicated with actual malice, total disregard for the truth, and in the complete  absence of any special privilege

111. Upon information and belief, Biloxi VA Management had no basis for the false statements being true in 2019, 2020, 2021 and 2022

112. Upon information and belief, The Biloxi VA Management engaged in practice of calling veterans to search for information to taunt and harass the Plaintiff proceeding their making accusations

113. Upon information and belief, the Biloxi VA has nearly 20000 employees

114. Upon information and belief, the false statements have been made to employees by the Plaintiffs

115. Upon information and belief, the false statements have been made to veterans by the Plaintiffs

116. Upon information and belief, the false statements have been made to third parties by the Plaintiffs

# COUNT I

117. Plaintiff alleges that the Defendants are in violation of the U.S. Constitution and the Civil Rights Act of 1964.

# Count II

## (Slander Per Se Against Defendants)

118. Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 117 as if fully set forth herein.Upon information and belief, these actions constitute actionable  slander per se under

119. In May 2020 Defendants notified Selia White that she had committed a felony

120. In May 2020 Shelia White informed the defendants that she had not committed a felony and provided a copy of her background check

121. In May 2020 Shelia White was accused of being a felon and no other agencies were called and asked if they were a felon

122. In May 2020 the defendants started canceling contracts provided to the plaintiff to service veterans

123. In May 2020 Shelia White called the plaintiffs to ask them to discuss but was told they would not speak to her

124. In May 2020, Plaintiff filed a federal lawsuit against defendants to get them to stop making the accusations and to stop canceling the plaintiff's contracts

125. In May 2020, the Office of the General Counsel in Washington stepped in and informed the Veteran's Administration to stop canceling my contracts and to reinstate my right to contract with the veterans administration

126. The office of the general counsel, also informed the defendants that the plaintiff has no felony conviction

127. In December 2021, United Healthcare called the plaintiff and informed her that the Biloxi VA had just informed them that the plaintiff had a felony conviction

128. The Plaintiff informed United Healthcare that she did not and that she would provide whatever information they required

129. As a direct result, the Plaintiff received a letter from unitedhealthcare on January 25th 2022 stating her businesses were canceled from participating in veteran administration contracting

130. Upon information and belief, Biloxi VA Management's false and defamatory statements made and published to UnitedHealthcare and Optum Healthcare were disparaging and have produced damage to Plaintiff and to Plaintiff's name, business brand, character, and reputation

131. The aforementioned defamatory statements made, published, and distributed by Biloxi VA Management have caused Plaintiff to: lose a contract with United Healthcare which provided substantial revenue, suffer embarrassment, humiliation, mental anguish, and emotional distress. The defendant is extremely depressed.

132. The aforementioned defamatory statements made, published, and distributed by Biloxi VA Management have also caused damage to Plaintiff's reputation and character within her profession and industry, including but not limited to among her patients and with prospective business relations

133. Upon information and belief, the actions or omissions of Biloxi VA Management set forth in this Complaint demonstrate malice, egregious defamation, and insult.

134. Upon information and belief, such actions or omissions by Biloxi VA Management were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff

135. As a direct and proximate result of Biloxi VA Management's conduct, Plaintiff has suffered damages in an amount to be proven at trial

136. Plaintiff is entitled to general and special damages against Defendants for the following harm: embarrassment, humiliation, mental anguish, and emotional distress and impairment to her name, character, and reputation

137. Additionally, Plaintiff requests against Defendants an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from the defendant's conduct

138. Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff has or had a felon; that Plaintiff has committed fraud; that Plaintiff engaged in a unlawful act; that Plaintiff committed a crime; and/or that Plaintiff has been convicted of a crime, as well as an order requiring Defendants to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff

139. Shelia White filed a claim in 2020 which she dropped under the promise of the general counsel for the United States that the harassment, slander and defamation would not continue.

140. After three years of continued violation of civil rights, racial discrimination, acts of malice, harassment, libel and defamation by the Veteran's Administration and Shelia White being the constant victim of deprication under color of law, we file this law suit

141. This is a diversity action asserting federal law for harassment, civil rights violation, defamation under color of law, slander per se, slander, libel per se, and defamation, as a result of Defendants' continuous publication and communication of slanderous and defamatory statements regarding Plaintiff that are false, harmful, and offensive to Plaintiff, as well as invasion of privacy – false light and intentional infliction of emotional distress

142. The defendants made false statements claiming that Shelia White was a felon because it violates the plaintiff's contract clause with the Veterans Administration and a felony conviction will lead to immediate termination of the contract

143. The defendants made false statements claiming that Shelia White was a felon because it violates the plaintiff's contract clause with United Healthcare - Optum and a felony conviction will lead to immediate termination of the contract

144. The defendants made false statements claiming that Shelia White was a felon strictly for vindictive purposes, and no agency purpose would be advanced, even conceivably, by the defamatory statements.

    a) The defendants communicated to a third party derogatory statements;

    b) The statement was false;

    c) The defendants were at fault in communicating the statement; and

    d) that the plaintiff suffered harm.

145. The false statements made by the defendants stating that Shelia White was a felon and that Shelia White was sued by a veteran, were more than mere opinions, the defamatory statement is provably and absolutely false.

146. The defendants made the statement that Shelia White was a felon in 2021 after being informed that the statements were false by the Office of the General Counsel in 2020

147. The defendants made the statement that Shelia White was a felon in 2021 after they knew Shelia White had passed an FBI criminal background check.

148. The defendants made the statement that Shelia White was a felon in 2021 after they knew Shelia White would have been ineligible to become credentialed by their very own credentialing process in 2019 with a felony conviction.

149. The defendants actually knew that Sheila White was not a felon and were deliberately reckless in their statements making them malice in intent.

150. Stating Shelia White is a felon is malicious defamation because being a felon involves engaging in criminal activity, and harm to the plaintiff's reputation is inferred.

151. The malice is clear and convincing because Shelia White filed a civil case in 2020 against the same defendants for stating she was a felon and the defendants acknowledged in 2020 that Shelia White was not a felon.

152. The malice is clear and convincing because Shelia White filed a civil case in 2020 against the same defendants for stating she was a felon and the defendants acknowledged in 2019 when Shelia White was credentialed to work with the Veterans Administration that Shelia White was not a felon.

153. The malice is clear and convincing because Shelia White passed a FBI background check in the state of Florida which must state no felonies exist to begin contracting with the defendants in 2021

154. The malice is clear and convincing because Shelia White passed a FBI background check in the state of Tennessee which must state no felonies exist to begin contracting with the defendants in 2021

155. The malice is clear and convincing because in order to be credentialed and prior to being approved to engage in business activities with the defendants, the defendants own policy states that a criminal background check must be passed. Shelia White was required to pass a criminal background check which must illustrate no felonies exist to begin contracting with the defendants in 2019.

156. The malice is clear and convincing because Shelia White is credentialed through Optum in the state of Florida and was required to undergo a FBI criminal background check in order to engage in business with the defendants.

157. The malice is clear and convincing because Shelia White is credentialed through Optum in the state of Florida and was required to undergo a FBI criminal background check in order to engage in business with the defendants.

158. The malice is clear and convincing because A felony conviction by matter of law prohibits an individual from becoming credentialed prior to working with the defendants. As such, the defendants knew in order for Shelia White to get credentialed a felony conviction absolutely would not be possible in order for Shelia White to pass credentialing.

159. The malice is clear and convincing because A felony conviction by matter of law prohibits an individual from owning a homecare or home healthcare agency in Florida.

160. The malice is clear and convincing because A felony conviction by matter of law prohibits an individual from owning a home care and healthcare agency in Tennessee.

161. The malice is clear and convincing because A felony conviction by matter of the Veterans Administration's policy would prohibit an individual from being credentialed by the Veterans Administration.

162. Passing credentialing is required prior to engaging in business with the defendants.

163. The United States can not be the defendant because the Office of the General Counsel for the United States informed the defendants that I was not a felon in 2020

164. The United States can not be the defendant because this case involves discrimination, harassment and clear and conscise malice against an Amercican citizen.

165. The United States can not be the defendant because this case involves racial discrimination against an American Citizen

166. The United States can not be the defendant because this case involves violation of the civil rights of an American Citizen

167. The United States can not be the defendant because the defendants' violated section 242 of Title 18 which makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

168. As a matter of law no such implication could reasonably be inferred when a felony conviction prevents the plaintiff from operating and owning a homecare agency.

## COUNT III

### (Slander Against Defendants)

169. Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 168 as if fully set forth herein

170. Upon information and belief, Biloxi VA Management's above actions constitute actionable slander under Ala. Code § 6-5-182

171. Upon information and belief, Biloxi VA Management's false and defamatory statements have produced damage to Plaintiff, and to Plaintiff's name, character, and reputation

172. Upon information and belief, Biloxi VA Management was subjectively aware of the falsity of the statements made at the time they published them

173. Upon information and belief, the actions or omissions of Biloxi VA Management set forth in this Complaint demonstrate malice, egregious defamation, and insult

174. Upon information and belief, such actions or omissions by Biloxi VA Management were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff

175. As a direct and proximate result of Biloxi VA Management's conduct, Plaintiff has suffered damages in an amount to be proven at trial

176. The aforementioned defamatory statements made, published, and distributed by Biloxi VA Management have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress

177. The aforementioned defamatory statements made, published, and distributed by Biloxi VA Management have also caused damage to Plaintiff's reputation and character within her profession and industry, including but not limited to among her patients and with prospective business relations

178. Plaintiff is entitled to general and special damages against Defendants for the following harm: contract cancellation, embarrassment, humiliation, mental anguish, and emotional distress and impairment to her name, character, and reputation

179. Additionally, Plaintiff requests against Defendants an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Biloxi VA Management's conduct

180. Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, from: making, disseminating, broadcasting, or publishing any statements that Plaintiff has a felony conviction, a felony on her name, committed a crime, harasses patients; that Plaintiff uses or has used cocaine; that Plaintiff engaged in a debasing act with a beer bottle; that Plaintiff committed fraud;, as well as an order requiring Defendants to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff

## COUNT IV

### (Libel Per Se Against Defendants)

181. Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 180 as if fully set forth herein

182. Upon information and belief, Biloxi VA Management published the comments beginning in 2020 and then continued through today

183. Upon information and belief, Biloxi VA Management published this false statement via a letter

184. Upon information and belief, Biloxi VA Management published the false statement in emails

185. Upon information and belief, Biloxi VA Management published false statements via emails, letters and phone calls and direct communication with UnitedHealthcare - Optum

186. As set forth above, the statements made in the emails, telephone calls, memos are false, defamatory, and libelous

187. Upon information and belief, Biloxi VA Management knew these statements to be false at the time they published them or acted with reckless disregard of whether they were true or not

188. Upon information and belief, Biloxi VA Management was subjectively aware of the probable falsity of the aforementioned statements at the time published them

189. Upon information and belief, Biloxi VA Management's false statements were generated and communicated with actual malice, total disregard for the truth, and in the complete absence of any special privilege

190. Upon information and belief, Biloxi VA Management had no basis for claiming the aforementioned statements were true since they knew in 2019 that the Plaintiff could not operate a home care agency with a felony conviction and their own office of general counsel informed them of this in 2020 after they began the claims.

191. Upon information and belief, Biloxi VA Management's actions constitute actionable libel per se under Ala. Code § 6-5-182

192. Upon information and belief, Biloxi VA Management's false and defamatory statements made in an email sent to the Biloxi VA staff have produced damage to Plaintiff and to Plaintiff's name, character, and reputation

193. The aforementioned defamatory statements made and published by Biloxi VA Management have caused Plaintiff to suffer embarrassment, humiliation, mental anguish, and emotional distress

194. The aforementioned defamatory statements published by Biloxi VA Management have also caused damage to Plaintiff's reputation and character within her profession and industry, including but not limited to among her employees, patoens and with prospective business relations.

195. Upon information and belief, the actions or omissions of Biloxi VA Management set forth in this Complaint demonstrate malice, egregious defamation, and insult Upon information and belief, such actions or omissions by Biloxi VA Management were undertaken with reckless disregard of the falsity of the speech and its effects on Plaintiff

196. As a direct and proximate result of Biloxi VA Management's conduct, Plaintiff has suffered damages in an amount to be proven at trial

197. Plaintiff is entitled to general and special damages against Defendants for the following harm: discrimination, embarrassment, humiliation, mental anguish, and emotional distress and impairment to her name, character, and reputation

198. Additionally, Plaintiff requests against Defendants an award of punitive damages and attorneys' fees and litigation expenses beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from Biloxi VA Management's conduct

199. Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under

authority from Defendants, or  in concert or participation with Defendants, and each of them, from:

    a.  making,  disseminating, broadcasting, or publishing any statements that Plaintiff has been convicted of a felony;

    b.  that Plaintiff has been sued by a veteran

    c.  as well as an order requiring Defendants to retract,  remove, and repudiate in full all defamatory and disparaging statements made  regarding Plaintiff

# COUNT V

(Invasion of Privacy – False Light Against Defendants)

200. Plaintiff repeats and realleges by reference the allegations in  paragraphs 1 through 199 as if fully set forth herein

201. Upon information and belief, by publishing the false statements in the  manner described above, Biloxi VA Management portrayed Plaintiff in a false light intending to cause  Plaintiff injury

202. Upon information and belief, Biloxi VA Management knew these statements to be false because a background check is required prior to starting the business relationship with the plaintiff

203. Upon information and belief, Biloxi VA Management made no attempt to verify the  veracity of any statements made regarding Plaintiff after 2019 when the plaintiff was required to undergo a background check prior to being awarded contract status by the veterans administration.

204. Upon information and belief, Defendants knew the statements published were false

205. Upon information and belief, Defendants was subjectively aware of  probable falsity of the statements made at the  time they published them

206. Upon information and belief, Biloxi VA Management's false statements were generated  and communicated with actual malice, total disregard for the truth, and in the  complete absence of any special privilege

207. Indeed, in the attached contract between the defendants and plaintiff the terms state the Veterans Administration will not approve the contractor if they have a felony conviction. The plaintiff was approved because the defendants knew in  2019 that the plaintiff had no felony conviction from the very start of the relationship.

208. Upon information and belief, as set forth above Plaintiffs have intentionally intruded upon the solitude and/or seclusion of Plaintiff and her private affairs  and/or concerns, and this intrusion, which falsely portrays Plaintiff in a manner  that is highly offensive to a reasonable person, including that Plaintiff was a felon, that Plaintiff harassed veterans and their spouses, that

Plaintiff was sued by a veteran, that Plaintiff has collected patient credit cards, that Plaintiff has been convicted of fraud

209. Upon information and belief, The Biloxi VA Management knew or should have known the statements alleged herein would create a false impression about Plaintiff and acted  in reckless disregard of the truth

210. Upon information and belief, The Defendants did not engage in any of the  aforementioned conduct out of any sincere or proper motive, or in any manner

211. governed by reasonable and ministerial conduct according to any job duty, but did  so knowingly, willfully, and oppressively, with full knowledge of the adverse  effects that their actions would have on Plaintiff, and with willful and deliberate  disregard for the consequences

212. Accordingly, Plaintiff is entitled to recover punitive damages from The Biloxi VA Management in an amount to be determined at trial

213. Upon information and belief, the actions or omissions of The Biloxi VA Management set  forth in this Complaint demonstrate discrimination,  malice, egregious defamation, and insult

214. Such  actions or omissions by The Biloxi VA Management were undertaken with reckless disregard of the  falsity of the speech and its effects on Plaintiff

215. As a direct and proximate result of The Biloxi VA Management's conduct, Plaintiff has  suffered damages in an amount to be proven at trial

216. Plaintiff is entitled to general and special damages against Defendants  for the following harm: discrimination, deprivation under the color of law, embarrassment, humiliation, mental anguish, not following policies and  emotional distress and impairment to her name, character, and reputation

217. Additionally, Plaintiff requests against Defendants an award of  punitive damages and attorneys' fees and litigation expenses beyond and in excess  of those damages necessary to compensate Plaintiff for injuries resulting from The Biloxi VA Management's conduct

218. Additionally, as a direct and proximate result of the foregoing,  Plaintiff is entitled to an order permanently enjoining Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all  other persons acting for, with, by, through, or under authority from Defendants, or  in concert or participation with Defendants, and each of them, from: making,  disseminating, broadcasting, or publishing any statements that Plaintiff has or had  a felon; that Plaintiff harasses veterans; that Plaintiff engaged in a criminal act; that Plaintiff committed fraud; and/or that  Plaintiff was or is a criminal enterprise, as well as an order requiring Defendants to apologize to all veterans assigned to nursetel, Stop retaliating against

nursetel, Stop removing cases from nursetel, retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff

# COUNT VI

## (Intentional Infliction of Emotional Distress)

219. Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 218 as if fully set forth herein

220. Upon information and belief, by making and publishing the statements, and a campaign of harassment, including the Defamatory Communications, Defendants were intending to cause Plaintiff emotional distress

221. Upon information and belief, The Biloxi VA Management's conduct was intentional, as The Biloxi VA Management knew these statements were false and made no attempt to verify the truth of any statements made regarding the Plaintiff

222. Upon information and belief, The Biloxi VA Management's knew the statements made on a continual basis, were extreme and outrageous and would cause Plaintiff emotional distress

223. Indeed, in May of 2020, The Biloxi VA Management's acknowledged on multiple occasions that they knew their accusations about Plaintiff were false and the Biloxi VA Management's published and communicated them anywayThe Biloxi VA Management's went further and began to utilize the false claims to retaliate against the Plaintiff; attempt to have the Plaintiff arrested and continually harass the Plaintiff for approaching three years and counting.

224. Upon information and belief, The Biloxi VA Management's has made telephone calls to other business entities stating false allegations which The Biloxi VA Management knew were untrue prior to making the statements, campaign against the Plaintiff, including the Defamatory phone calls, emails and communications, which were

225. intended to cause humiliation, mental anguish and emotional distress to the Plaintiff

226. Upon information and belief, The Biloxi VA Management's conduct was extreme and outrageous as The Biloxi VA Management's purposely published statements that they knew would cause severe emotional distress, including but not limited to stating that:

  a. Plaintiff was a fraud and continued investigations based on that belief,

  b. that Plaintiff was a felon, that Plaintiff was harassing veterans and threatening to go to their homes,

  c. that Plaintiff had and still has been engaging in criminal activity,

  d. that Plaintiff has committed fraud,

    e.  that  Plaintiff was sued by a veteran,

    f.   and that Plaintiff was a criminal enterprise as a female & minority owned business

227. Upon information and belief, The Biloxi VA Management's conduct was intentional as The Biloxi VA Management's  intended to put Shelia White out of business as The Biloxi VA Management's broadcasted to veterans assigned to Shelia White

228. Upon information and belief, The Biloxi VA Management's began their campaign against  Plaintiff, in 2020 as indicated in the attached civil complaint filed in 2020.

229. Upon information and belief, The Biloxi VA Management's conduct was intentional and intended to harass and based in efforts to retaliate against Shelia Ann White for reporting the harassment and discrimination she was enduring by the Biloxi VA Management Team

230. The Biloxi VA Management acting as governmental offices engaged in outrageous and harassing conduct against the Plaintiff

231. As a proximate result of the  Biloxi Veteran Administration's actions and the consequences proximately cause by them, as herein above alleged, Plaintiff suffered severe  humiliations, mental anguish, and emotional distress

232. As a proximate result of the  Biloxi Veteran Administration's actions and the consequences proximately cause by them, as herein above alleged, Plaintiff lost her contract to service veterans

233. As a direct and proximate result of Biloxi Veteran Administration's conduct, Plaintiff has  suffered damages in an amount to be proven at trial

234. Plaintiff is entitled to general and special damages against Defendants  for the following harm:

    a.  Discrimination

    b.  embarrassment,

    c.  humiliation,

    d.  mental anguish,

    e.  attempting to have Shelia Ann White arrested in retaliation and  emotional distress

235. Additionally, Plaintiff requests against Defendants an award of  punitive damages and attorneys' fees and litigation expenses beyond and in excess  of those damages necessary to compensate Plaintiff for injuries resulting from  Biloxi VA Management conduct

236. Additionally, as a direct and proximate result of the foregoing,  Plaintiff is entitled to an order permanently enjoining Defendants and all of their agents, officers, employees, representatives,

successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, from: making, false criminal claims against Shelia Ann White, discrimination against Shelia Ann White, disseminating, broadcasting, or publishing any statements that Plaintiff has or had a felony conviction. harassed veterans; that Plaintiff has committed fraud; that Plaintiff engaged in criminal activity; that Plaintiff committed a crime; and/or that Plaintiff was or is a felon, as well as an order requiring Defendants to retract, remove, and repudiate in full all defamatory and disparaging statements made regarding Plaintiff

## COUNT VII

(Punitive Damages Pursuant to Ala. Code § 6-5-182.)

237. Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 236 as if fully set forth herein

238. The Biloxi VA's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, and conscious indifference to the consequences of their actions

239. Indeed, in a call from United Healthcare in 2021, United Healthcare informed Shelia White that the Biloxi VA reported and informed them that Shelia White had a felony conviction. United Healthcare was specific and named The Biloxi VA Management as who informed them of Shelia White having a felony conviction This was direct and continued harassment, attempt to interfere with contract between Shelia White & United Healthcare and humiliation and embarrassment because Shelia White has no felony

240. Upon information and belief, The Biloxi VA and its Management team acted with a specific intent to cause harm to Plaintiff

241. Plaintiff seeks punitive damages pursuant to Ala. Code § 6-5-182 to punish, penalize, and deter Defendants' actions in an amount that exceeds $75,000,

## **COUNT VIII**

(Attorneys' Fees and Litigation Expenses Pursuant to Ala. Code § 6-5-182)

242. Plaintiff repeats and realleges by reference the allegations in paragraphs 1 through 241 as if fully set forth herein

243. Employees of the Biloxi VA and management within the Biloxi VA have acted in bad faith by publishing defamatory statements they knew to be false and would cause harm to Plaintiff and has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense by refusing to retract such statements and refusing to stop making such accusations to the veterans assigned to nursetel, third party companies and individuals

244. Plaintiff seeks her attorneys' fees and expenses of litigation against  Defendants pursuant to Ala. Code § 6-5-182

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment  in her favor and against Defendants, each of them jointly and severally,

(a) Awarding Plaintiff damages in amounts pertaining to each to be  determined at trial, but not less than $75,000, including general, special,  consequential, actual, and punitive damages;

(b) Awarding an accounting to Plaintiff for the gains and profits of Defendants arising from the unlawful conduct;

(c) Permanently enjoining Defendants and their respective partners,  agents, representatives, successors, assigns and employees, and any and all persons  in active convert or participation with Defendants, and each of their executors,  administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants, and any and all other persons, corporations, or other entities acting under the supervision, direction, control, or on  behalf of any of the foregoing, and each of them, from: making, disseminating,  broadcasting, or publishing any statements that Plaintiff has or had committed a felony;  that Plaintiff as committed fraud; that Plaintiff engaged in criminal activity; that Plaintiff has committed fraud against the veterans assigned to nursetel and Shelia White; and/or that Plaintiff has engaged in elder abuse;

(d) Issuing an order requiring Defendants to retract, remove, and  repudiate in full all defamatory and disparaging statements made regarding  Plaintiff;

(e) Awarding Plaintiff's attorneys' fees and costs;

(f) Pre-judgment and post-judgment interest; and

(g) Granting Plaintiff such other and further relief as the Court deems just  and proper

(h) An injunction preventing the Veteran's Administration from canceling my contract

(i) An injunction preventing the Veterans Administration from preventing nursetel from receiving new referrals and federal contracts

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims for relief and issues  triable by jury

Dated: March, 2, 2022

Respectfully submitted, Shelia Ann White
61 Saint Joseph Street
Suite 1101
Mobile AL 36602
Telephone: (251) 264 - 3009
E-mail: white@nursetel.com
Attorney not yet selected to represent Plaintiffs