```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

SHELIA ANN WHITE, *et al.*,   \*
                              \*
    Plaintiffs,   \*
                              \*
vs.                           \*   CIVIL ACTION NO. 22-00093-JB-B
                              \*
SKYE MCDOUGALL, *et al.*,     \*
                              \*
    Defendants.   \*

## REPORT AND RECOMMENDATION

This action is before the Court for review. Plaintiffs Shelia Ann White, "Nursetel," and "Nursetel employees" filed a *pro se* complaint.[1] [2] (Doc. 1). After reviewing the complaint, the Court noted that it had several deficiencies requiring correction in order for this action to proceed. Accordingly, the Court ordered Plaintiffs to file an amended complaint addressing and correcting the noted deficiencies as instructed. (Doc. 3). In response, Plaintiffs filed an amended complaint that is now their operative pleading. (Doc. 4). For the reasons stated herein, the undersigned recommends that this action be **DISMISSED without prejudice** based on Plaintiffs' failure to file an amended complaint

---

[1] Plaintiffs paid the $402.00 filing fee for this action. (Doc. 2).

[2] This action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

that complies with this Court's order and with the Federal Rules of Civil Procedure.

I. <u>**BACKGROUND**</u>

Plaintiffs' initial complaint sought relief against seventeen named Defendants, including "Biloxi VA Management LLC" and sixteen individuals. (<u>See</u> Doc. 1 at 1). The complaint described the nature of the case as "a diversity action" asserting various Alabama state law claims, including slander per se, slander, libel per se, defamation, and false light invasion of privacy, based on "Defendants' publication of slanderous and defamatory statements regarding Plaintiff that are false, harmful, and offensive to Plaintiff." (<u>Id.</u> at 2). In addition to the state law claims, the complaint included a one-paragraph count alleging "that the Defendants are in violation of the U.S. Constitution and the Civil Rights Act of 1964." (<u>Id.</u> at 10). The complaint was submitted by Plaintiff Shelia Ann White, who noted: "Attorney not yet selected to represent Plaintiffs[.]" (<u>Id.</u> at 24).

Upon review of the complaint, the undersigned observed that it had numerous deficiencies and entered an order requiring Plaintiffs to file an amended complaint addressing and correcting the deficiencies noted by the Court. (Doc. 3). First, the Court observed that the complaint did not allege facts providing a basis for federal subject matter jurisdiction, and that no such basis was reasonably apparent from the face of the complaint. (<u>Id.</u> at

2

5-6). Specifically, the Court noted that Plaintiffs affirmatively averred diversity jurisdiction pursuant to 28 U.S.C. § 1332 but did not include facts regarding the citizenship of each of the parties to this action that would allow a determination as to the existence of diversity jurisdiction. (Id. at 4-6). The Court recognized Plaintiffs' bare assertion of the "violation of the U.S. Constitution and Civil Rights Act of 1964" in count one of the complaint but noted that Plaintiffs failed to allege sufficient facts to establish either a federal claim or federal question jurisdiction under 28 U.S.C. § 1331. (Id. at 6). The undersigned cautioned Plaintiffs that if they failed to cure their deficient jurisdictional allegations, the Court would be obligated to dismiss this case altogether. (Id. at 5).

Next, the Court pointed out that Plaintiff White had improperly purported to file this action on behalf her company Nursetel and unnamed Nursetel employees. (Id. at 7). The Court explained that, while White has a personal right to proceed *pro se*, she may not represent others (i.e., Nursetel employees) on a *pro se* basis. (Id.). The Court also informed White that a corporation or other artificial entity, such as Nursetel, can appear in federal court only through licensed counsel. (Id. at 7-8). Thus, the Court notified White that she cannot represent Nursetel or its unnamed employees in this action, absent evidence that she is a licensed attorney. (Id. at 8).

3

Finally, the Court explained that Plaintiffs' complaint was an impermissible shotgun pleading because it was not a short and plain statement and did not provide fair notice of each claim being asserted against the various Defendants. (Id. at 8-10). In particular, the Court noted that the complaint did not specify the conduct for which each Defendant was allegedly responsible and did not clarify which causes of action were being asserted against each Defendant. (Id. at 10). The Court ordered White to file an amended complaint that complied with the following directives:

> In the amended complaint, White must: (1) identify each Defendant separately, provide a short and plain statement describing the conduct for which each Defendant is allegedly responsible, and clarify the specific cause of action that she is asserting against each Defendant; (2) White must provide a short and plain statement identifying the basis for this Court's jurisdiction; and (3) if White is proceeding on the basis of diversity jurisdiction, she must list her citizenship, as well as the citizenship of each Defendant.

(Id. at 10-11). The Court cautioned White that, if she failed to timely file an amended complaint which corrected the noted deficiencies, the undersigned would recommend that this case be dismissed. (Id. at 11).

In response to the Court's order, White filed an amended complaint on April 14, 2022. (Doc. 4). Like the original complaint, the amended complaint is submitted by Plaintiff White on behalf of herself, "Nursetel," and "Nursetel employees." (Id. at 1, 29-30). The amended complaint appears to name twenty

4

Defendants, including "Biloxi VA Management LLC ('Biloxi VA Management')" and/or the "Veteran's Administration,"[3] and nineteen individuals alleged to be employees or managers of "the Veterans Administration Gulf Coast Health Systems, a federal agency." (See id. at 1-4). The amended complaint alleges that this Court "has Diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship" and the "amount in controversy exceeds $75,000.01." (Id. at 2). The amended complaint describes the nature of this case as "a diversity action asserting [various] Alabama state law claims . . . as a result of Defendants' publication of slanderous and defamatory statement regarding Plaintiff that are false, harmful, and offensive to Plaintiff." (Id. at 5).

As best the Court can discern, the amended complaint alleges that White owns and operates a home health care agency (presumably Nursetel) with over thirty employees, which contracted with Biloxi VA Management to provide in-home health care to veterans. (Id.). The amended complaint asserts that, from 2019 to the present, Biloxi VA Management and its employees targeted and harassed White

---

[3] It is not clear which entity or entities White is attempting to sue. The caption of the amended complaint lists "Biloxi VA Management a/k/a Defendants." (Doc. 4 at 1). Similarly, the opening clause of the amended complaint refers to "Defendant Biloxi VA Management LLC ('Biloxi VA Management')." (Id.). However, in the section of the amended complaint that lists the parties, White alleges: "Defendant Veteran's Administration is a federal agency." (Id. at 2).

5

and made false, harassing, and defamatory statements about White to veterans and insurance companies. (Id. at 4-8). White asserts that these actions have negatively impacted her business and caused her contracts with the VA to be canceled. (Id. at 6-12).

Count one of the amended complaint alleges "that the Defendants are in violation of the U.S. Constitution and the Civil Rights Act of 1964." (Id. at 14). The remaining counts[4] purport to assert causes of action under Alabama state law for "slander per se," "slander,"[5] "libel per se," "invasion of privacy – false light," "defamation," "intentional infliction of emotional distress," "punitive damages pursuant to Ala. Code § 6-5-182," "attorneys' fees and litigation expenses pursuant to Ala. Code § 6-5-182," and "unfair business practices." (Id. at 14-28).

## II. STANDARDS OF REVIEW

### A. Federal Rules of Civil Procedure 8 and 10.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[4] The counts are numbered incorrectly. (See Doc. 4 at 14-28).

[5] The amended complaint includes two counts for "slander," one of which merely "repeats and realleges the allegations" of all the preceding paragraphs of the amended complaint. (See Doc. 4 at 19-20, 24-25).

6

rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10(b) further provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four broad categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which

7

of the defendants the claim is brought against." See id. at 1321-23. Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

**B.** *Pro Se* **Litigation.**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**III. DISCUSSION**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction:

8

(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331;[6] or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[7]  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th

---

[6] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[7] Section 1332(a) provides:

>  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> 
>  (1) citizens of different States;
> 
>  (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> 
>  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> 
>  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Cir. 1994). Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff must affirmatively allege facts demonstrating the existence of jurisdiction. Taylor, 30 F.3d at 1367.

"Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Id. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). "And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .'" Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (citation omitted). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Therefore, to sufficiently allege citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company . . . ." Id.

In the repleading order dated April 5, 2022, the Court informed White of the types of federal subject matter jurisdiction. (Doc. 3 at 4). The Court further informed White that she was required to provide a short and plain statement identifying the basis for this Court's jurisdiction and to allege sufficient facts

to demonstrate the existence of federal subject matter jurisdiction. (Id. at 3). The Court noted that Plaintiffs had affirmatively invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires allegations of the citizenship of each party in order to demonstrate that no plaintiff is a citizen of the same state as any defendant. (Id. at 4-5). And the Court specifically directed White that, if she "is proceeding on the basis of diversity jurisdiction, she must list her citizenship, as well as the citizenship of each Defendant." (Id. at 11).

Notwithstanding the Court's clear directives, the amended complaint affirmatively alleges jurisdiction on the basis of diversity but fails to list the citizenships of any of the natural-person Defendants, Nursetel, or the unnamed Nursetel employees. In addition, the amended complaint appears to name a limited liability company ("Biloxi VA Management LLC") as a Defendant but fails to allege the citizenships of the company's members. Finally, with respect to Plaintiffs' allegation that "Defendant Veteran's Administration is a federal agency," the Court notes that "an agency of the United States . . . is not a citizen of a state or of a foreign state for purposes of diversity jurisdiction and, therefore, cannot be sued in diversity alone." Baker v. Napolitano, 2009 WL 1658953, at *9 (S.D. Ala. June 11, 2009).

Like its predecessor in the original complaint, count one of the amended complaint alleges, without further explanation, "that

the Defendants are in violation of the U.S. Constitution and the Civil Rights Act of 1964." (Doc. 4 at 14; see Doc. 1 at 10). However, as the undersigned noted in the repleading order (see Doc. 3 at 6), this unadorned assertion is insufficient to establish the existence of federal question jurisdiction over this case. See Jordan v. Bank of Am., 2012 U.S. Dist. LEXIS 152634, at *8, 2012 WL 5265983, at *3 (M.D. Fla. Sept. 28, 2012) ("Even under the most liberal pleading standard, Plaintiff has not established diversity jurisdiction nor has Plaintiff stated a valid cause of action giving rise to this Court's federal question jurisdiction. Although Plaintiff cites to some federal laws, his factual allegations amount to 'naked assertions,' and do not 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'") (internal citations omitted), report and recommendation adopted, 2012 U.S. Dist. LEXIS 152999, 2012 WL 5265970 (M.D. Fla. Oct. 24, 2012). Because the amended complaint utterly disregards this Court's clear and specific directives and fails to allege facts establishing that this Court has jurisdiction over Plaintiffs' claims, this action is due to be dismissed. See Moree v. Wells Fargo Bank, N.A., 2017 U.S. Dist. LEXIS 33112, at *1, 2017 WL 1319840, at *1 (S.D. Ala. Mar. 6, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 51642, 2017 WL 1294003 (S.D. Ala. Apr. 4, 2017).

Dismissal of this action is also warranted based on White's utter disregard of this Court's order to plead an amended complaint that complies with Rule 8(a) by providing fair notice of the claims asserted against each Defendant. As noted *supra*, the Court specifically directed White to "provide a short and plain statement describing the conduct for which each Defendant is allegedly responsible," and to "clarify the specific cause of action that she is asserting against each Defendant." (Doc. 3 at 10-11). Notwithstanding these clear directives, the amended complaint fails to describe the conduct for which each Defendant is allegedly responsible, leaving the Court to guess how most of Defendants had any involvement in the violations alleged. Indeed, the amended complaint generally refers indiscriminately to "defendants" or to "Biloxi VA Management" without specifying which individuals were involved in the acts alleged. The amended complaint also fails to specify which causes of action are being asserted against which Defendants. Although, on its face, the amended complaint purports to bring each count against all Defendants, it fails explain how the various Defendants were involved in the alleged violations.

Despite the undersigned's explicit warning that courts in the Eleventh Circuit have little tolerance for shotgun pleadings (see Doc. 3 at 9), Plaintiffs' amended complaint commits no less than three of the four shotgun pleading sins identified by the Eleventh Circuit in Weiland. First, the amended complaint makes the

13

fundamental error of alleging "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321. The amended complaint is also "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."[8] See id. at 1322. And, as discussed previously, the amended complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See id. at 1323.

The amended complaint also flouts this Court's directive that, in the absence of evidence that she is a licensed attorney, White cannot represent Nursetel or its unnamed employees in this action. (See Doc. 3 at 7-8). As the undersigned previously informed White, 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, does not permit a party who is not a lawyer to represent other parties. See Timson v. Sampson, 518

---

[8] Just as one example, White alleges that she "is a radio host on a local radio station" (Doc. 4 at 5), which has no apparent relevance to her claims this action. The amended complaint also conclusorily alleges in forty-two separate paragraphs that "[t]he Biloxi Veterans administration engaged in tortious interference of contract in [various states, districts, and territories] against Plaintiffs" (id. at 9-12), despite the fact that Plaintiffs do not even bring a claim for tortious interference in this action.

14

F.3d 870, 873 (11th Cir. 2008) (per curiam). Furthermore, corporations and other artificial entities, such as Nursetel, are prohibited from appearing in federal court without licensed counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (stating that an artificial entity "cannot appear *pro se*, and must be represented by counsel"). Yet, even after the Court informed White that she cannot represent Nursetel or its employees in this action, she submitted the amended complaint on behalf of Nursetel and unnamed Nursetel employees while noting: "Attorney not yet selected to represent Plaintiffs." (See Doc. 4 at 1, 29-30).

As the undersigned cautioned Plaintiffs previously (see Doc. 3 at 10), dismissal of an action is appropriate when a plaintiff fails to comply with the court's order to file an amended complaint that complies with the rules of civil procedure and provides fair notice of his or her claims. See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (stating that the "district court does not abuse its discretion in dismissing the case with prejudice" if a plaintiff fails to remedy pleading defects after being given "fair notice of the defects and a meaningful chance to fix them"); Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under

15

Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[9] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

16

The undersigned recommends that the instant action be dismissed without prejudice based on White's failure to obey the Court's order to file an amended complaint that sets forth a valid basis for federal jurisdiction and corrects the pleading errors of the original complaint. In the repleading order, the undersigned catalogued the original complaint's deficiencies and explained to White how she was to remedy those deficiencies in the amended complaint. (See Doc. 3). The Court cautioned White that her failure to timely file an amended complaint which corrected the noted deficiencies would subject this action to dismissal. (Id. at 11). Yet, ignoring the Court's directives, White filed an amended complaint that fails to allege sufficient facts to establish this Court's jurisdiction, fails to comply with Rule 8(a), and purports to be filed on behalf of Nursetel and Nursetel employees despite the Court's instruction to White that she cannot represent those parties in this action absent evidence that she is a licensed attorney. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) and this Court's inherent authority, as it appears that White has willfully disregarded this Court's directives, and that no lesser sanction will suffice.

IV. **CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b)

17

and this Court's inherent authority for White's failure to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's order.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **May, 2022.**

                                          **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**